UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARRYL JACKSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:05CV678 RWS |
| TIMOTHY GOLDEN, et al., | ) |  |
| Defendants. | ) |  |

## **MEMERANDUM AND ORDER**

Plaintiff Darryl Jackson filed this law suit in the Circuit Court of the City of St. Louis, Missouri. Jackson's claims arise out of a motor vehicle accident on Interstate 70 in Missouri. Jackson seeks to recover damages for his personal injuries and for property damage. Defendants removed the suit under 28 U.S.C. § 1332 based on diversity of citizenship. Jackson has filed a motion to remand asserting that because none of the parties are citizens of Missouri where this suit was filed, removal based on section 1332 is improper. Because the parties in this case are diverse and the location of where the suit is filed is irrelevant for purposes of diversity jurisdiction, I will deny Jackson's motion to remand.

*Background*

On March 17, 2005, Jackson filed this personal injury case in the Circuit Court of the City of St. Louis. Jackson seeks to recover damages from injuries he received on July 13, 2002, "when he was involved in a tractor trailer collision" allegedly caused by Defendants. The accident occurred in Missouri on Interstate 70 near the intersection of "Missouri 135 South." Defendant Timothy Golden was the operator of one tractor trailer and was allegedly acting as the agent / employee of Defendant Liberty Transportation, Inc. Defendant Rachael Smith was the operator

of a second tractor trailer and was allegedly acting as the agent / employee Defendant D & R Specialized Company.

Jackson alleges that the accident caused injuries to his head, neck, back, and spine. He asserts that his injuries are permanent, that he has incurred medical care and treatment in excess of $1,000, and that he will need medical treatment in the future. He also seeks $8,000 for property damage sustained by his automobile.[1]

The citizenship of the parties at the commencement of this case in state court is as follows: Jackson-Indiana; Golden-Illinois; Liberty Transportation-Iowa; Smith-Mississippi; D & R Specialized-Mississippi.

*Analysis*

Any action brought in state court of which the district court of the United States would have original jurisdiction may be removed by the defendant to the district court. 28 U.S.C. § 1441. Diversity jurisdiction in the district court exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --- (1) citizens of different States ...." 28 U.S.C. § 1332.

Jackson argues that the premise behind diversity jurisdiction is to protect out-of-state defendants from potentially biased state court judges when a plaintiff sues the defendants in the plaintiff's home state. Jackson asserts that when the plaintiff is not a citizen of the state where the lawsuit is filed, the premise that created the safeguard of diversity jurisdiction is inapplicable. As a result, Jackson concludes that removal based on diversity jurisdiction is not available when the

---

[1] Based on these pleadings I question whether the requisite amount in controversy is satisfied in this case. I will raise this issue with the parties at the Rule 16 conference.

plaintiff files suit outside of his home state.

Although Jackson's view of the original reason for diversity jurisdiction has some support in case law, his conclusion that diversity jurisdiction does not apply to cases where a plaintiff brings suit outside his home state is not supported by any case law. Even Jackson's premise is not universally accepted. Its true that the concern of a home-court advantage in favor of a plaintiff is frequently cited as the basis for allowing lawsuits to be removed to federal courts under 28 U.S.C. §1332. See Bank of New York v. Bank of America, 861 F. Supp. 225 (S.D. N.Y. (1994).

According to Wright and Miller, however, neither "the debates of the Constitutional Convention nor the records of the First Congress shed any substantial light on why diversity jurisdiction was granted to the federal courts by the Constitution or why the First Congress exercised its option to vest that jurisdiction in the federal courts." 13B Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3601 (2d ed.1984). For at least the past sixty years there has been a continuing debate over the merits and necessity of diversity jurisdiction. Id.

Shedding light on the question at hand is the Judiciary Act of 1789. The Act limited diversity jurisdiction to cases where the suit is between a citizen of the state where the suit is brought and a citizen of another state. Id. at § 3602. This is the limitation that Jackson argues is in force today. This restriction was removed, however, by the Judiciary Act of 1875, the language of which provided a broader grant of jurisdiction encompassing suits where the jurisdictional amount was met and "'in which there shall be a controversy between citizens of different States ....'" Id. The text of the Act of 1875 made it irrelevant for diversity subject matter jurisdiction purposes where the suit is brought. Id. The restriction of the Act of 1875 has

not been reimposed in any subsequent legislation.

The plain language of section 1332 also supports this conclusion. The statute clearly requires that the sum or value in controversy exceed $75,000 and that the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). This broad language cannot be construed to limit diversity jurisdiction to Jackson's reading of the statute.

I therefore find that the basis of Jackson's motion to remand is not supported by law and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion to remand this case to state court [#12] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2005.